UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAN WEESE, et al.,

    Plaintiffs,

v.

KALAMAZOO COUNTY METRO TRANSIT, et al.,

    Defendants.

_____/

Hon. Janet T. Neff

Case No. 1:18-cv-00012

## REPORT AND RECOMMENDATION

Plaintiffs initiated this matter on January 5, 2018, against Kalamazoo County Metro Transit and Kalamazoo County Commissioners. Having granted Plaintiffs' motion to proceed as paupers, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiffs' complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss...Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx.

530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Plaintiffs' complaint alleges defendants have violated the Americans with Disability Act by not allowing plaintiffs' grocery cart on the bus. While the Court is not unsympathetic to plaintiffs' difficulties, when evaluated pursuant to the aforementioned standard, the Court concludes that any facts alleged in Plaintiffs' complaint, even if accepted as true, fail to rise to the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to state a claim upon which relief may be granted in this court. Accordingly, the undersigned recommends that Plaintiffs' claims be dismissed with prejudice.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiffs' complaint be **dismissed**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that the undersigned recommends dismissal of the action, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiffs appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  February 6, 2018 /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).